May it please the Court. Good morning, Your Honors. My name is Sarah Mykos and my co-counsel is Edward Danielian. We are certified law students under the supervision of Mary Tengahoo Ross. We'd also like to reserve one minute for rebuttal. I'm going to begin by discussing why the Superior Court order denying Mr. Almeida's habeas petition was not reasoned as California law requires in order to apply claim preclusion. My co-counsel, Mr. Danielian, will then come up and discuss why the defendants were not in privity. Could I ask a question before we even get to that? According to the decision of the Superior Court, the review was going to happen no later than May 2018 that he was seeking through this litigation. So, and according, it appears also that he was to be released from the SHU in 2016. So the actions that are challenged here happened in 2015. Is this case moot? Are these claims moot? Your Honor, not under my understanding. They are not moot and the claims that are brought forward here are the district's dismissal of the 1983 action based on claim preclusion and he also brought forth Eighth Amendment claims and due process violations according to the failure to review this review in SHU. But do you know whether he's still in the SHU? He's no longer in the SHU, no. So what he's looking for is damages here? Yes. There are two reasons why the Superior Court order denying Mr. Almeida's habeas petition was a summary denial and not a reasoned denial. And first, Mr. Almeida's denial constitutes a summary denial because it was not preceded by an order to show cause. And second, the order itself was not sufficiently reasoned. Well, the summary orders that I've seen from the California court are basically one word. This is an explanation of how the new program is going to work and how people are going to have their cases heard in the order in which they were gang validated. Anyway, there's an explanation of what the new procedures are and basically they end up saying, well, he hasn't really explained why he's entitled to jump to the front of the line and why that's a requirement of due process. Now, it's not a long explanation, but it seems like an actual explanation that is but that's not the requirement. Reasoned is the requirement. Yes, reasoned is the requirement, but courts cannot apply claim preclusion to summary denials. And under California law... Well, I understand why you want it to be a summary denial, but the question is whether it counts as one. As we see these things coming from California, it's an explanation. It gives reasons, and I would, the first main point is that there was no order to show cause preceding this denial. And what California statute or case says that that is an absolute requirement for a reasoned denial? For instance, looking at Mass v. Superior Court, a recent California case, and even People v. Romero, another California Supreme Court case, Mass explicitly states that if, on the other hand, the court determines that the petition fails to cede a prima facie case for relief or that the claims are procedurally barred, the petition will be summarily denied. That is, it will be denied without issuance of an order to show cause. Again, in People v. Romero, the court expressly stated that through the informal response, the custodian or real party in interest may demonstrate by citation of legal authority and by lack merit, and that the court, therefore, may reject them summarily without requiring formal pleadings, the return in traverse, or conducting an evidentiary hearing. So, Your Honors, the California Supreme Court has, on multiple occasions, expressed that if a petition does not cede a prima facie case for relief or if the claims are procedurally barred, the court will summarily deny the petition without issuance of an order to show cause. Right, but just the bare fact that an order to show cause hasn't been issued doesn't demonstrate the decision is not reasoned. So, for example, the Superior Court judge here could have written, you know, three, five more pages with lots of citations and still not issued an OSC, and I don't think you would be here arguing that that was, that that was not a reasoned decision. I think that this, because there was no order to show cause, means it was a summary denial, and therefore, by implication, it was not a reasoned denial. Because California law, in this court, in Gonzales, citing Gomez v. Superior Court, expressly stated that the summary denial of habeas corpus petitions does not establish the law of the case and does not have reissued a cauda effect. So, it's your view that, using Judge Bybee's example, if this judge had written five or ten pages explaining in agonizing detail why this person lost but had not issued an order to show cause, you think that the California courts would deny a claim preclusive effect? I think the California courts... That's a yes or no question. Yes, according to California law, but in the alternative, we are also arguing that even the denial itself was not reasoned, because contrasting other orders where the California courts or courts have found that it was claim preclusive, the orders itself cited legal authority, actually discussed the facts leading up to the gang validation, the legal standard, looking at Furness, the Superior Court order there, I think it is our request you to show notice Exhibit 4, expressly discussed the facts leading up to the gang validation, it set forth the sum evidence standard, it expressed the burden that the petitioner carried and cited multiple cases, and here the Superior Court order in 32 words failed to even cite a single legal authority for support. So, according to the fact that the order itself was not reasoned, but more importantly, the fact that according to California law, it is a summary denial if there was no order to show cause preceding its decision. For those two reasons, claim preclusion should not have been applicable. I'm going to now yield the rest of my time to my co-counsel to discuss privity. Thank you. May it please the Court, my name is Edward Dinellian and I also represent the appellant Carlos Almeida in this appeal. Honorable members of the Court, California's claim preclusion laws do not apply to Mr. Almeida's Section 1983 complaint because identity or community of interests does not exist when defendants are sued in different capacities. Your Honors, Torres versus California, that illustrates the legal distinction implicated in the That has no precedential effect, that decision, not only because it's unpublished but because it's a district court case, which has no precedential value. Are there California cases, Supreme Court or Court of Appeal cases that establish firmly the principle that you're asking us to apply? No, Your Honor. There are currently no California state cases that distinguish this capacity, especially within the realm of Section 1983 actions. Of course, due to the federal nature of such complaints, California courts do not have jurisdiction over said claims. On the federal level, however, this is the only decision that explicitly discusses the legal distinction implicated between the law question or a federal law question? What is, Your Honor? The question of whether the two capacities are sufficient for privity. That is a, so in California, Section 1908 of the California Code of Civil Procedure does mandate for the parties to be in the same capacity for claim preclusion to apply. However, the capacity, a public official, excuse me, sued in his official capacity as opposed to individual capacity, only exists within the federal realm. So while utilizing California's procedural tools, appellants would like to input the federal substantive laws as promulgated by the Supreme Court of the United States, the New York City Department of Social Services, or Kentucky v. Graham, specifically analyzing those distinctions between capacities. And although the appellant is aware that TOR does not have a binding effect on this court, it is the only case within the Ninth Circuit's jurisdiction that actually discusses these two ideas explicitly. Similarly, to TOR, in his state habeas petition, Mr. Almeida named Warden Clark Ducard in his official capacity, whereas in his Section 1983 complaint, Mr. Almeida sought compensatory and punitive damages against the prison officials in their individual and official capacities. Although this court's decision in Furness v. Gerbino is factually similar to this case, the Furness decision does not opine on the different capacity argument that appellant raises today. Appellees assert that Furness is controlling because the mere employment status of the additionally named defendants is enough in and of itself to create established privity. However, the general principle that unemployer is in privity with its employee through derivative liability does not end the analysis. The difference in the defendant's capacities provides an additional layer of analysis. This critical distinction between capacities and the civil rights actions needs to become a part of the privity analysis in order to allow Section 1983 claims to do what they were intended to do. What does the relief that he sought tell you about the capacities? Absolutely, Your Honor. Cases like Kentucky v. Graham suggest that the relief in a Section 1983 action indicates the interests implicated of the named defendant. For instance, Kentucky v. Graham supports the contention that Mr. Almeida's state habeas petition with his naming of the warden, Clark E. Ducard, in his official capacity represents that the real party in interest was the California Department of Corrections and Rehabilitation, whereas when an individual sued in personal capacity, excuse me, Your Honor, when a plaintiff is awarded punitive damages against the public official who is sued in his or her individual capacity, then those damages could only be executed against the individual's personal assets. It cannot be said that public officials' personal assets are the same as the state's Treasury. Thank you, Counsel. Your time has expired. We'll hear next from Ms. Bratton. Good morning, Your Honors. Sarah Bratton, Deputy Attorney General on behalf of this case fits squarely within this Court's prior decisions in Gonzales v. the California Department of Corrections, and more recently in Furness v. Garbino, and those cases control here. Mr. Almeida had a remedy. Like the plaintiffs in Gonzales and Furness, Mr. Almeida challenged the fact of his confinement in the Security Housing Unit, or SHU, by filing a state habeas petition in California, but he disagreed with its outcome and tried a different forum by filing a Section 1983 claim in federal court. However, California law controls here and precludes the relitigation of his claims in federal court. As this Court has recognized in the Gonzales case, a prior state habeas denial can preclude relitigation of claims in a subsequent federal action. This Court must give the California judgment preclusive effect if the action, and if both actions involve the same parties or those in privity with them. That's where I'd like to ask your view on the question of privity. The previous claim did not name the same defendants individually, as I understand it, in their individual capacities. Correct. So what difference does that make to the old cases from, you know, even before I was born, that say that suing someone in a different capacity is not the same and is not necessarily precluded? What do we make of those cases? Well, under California law, there's no distinction between the capacities. That's present in federal law, which doesn't apply in this case, and so the proper inquiry is whether the parties share a common interest with adequate representation of that interest in the first suit, so that the non-parties should have reasonably been expected to have been bound by a prior decision. And so here, Warden Dukart was named in the state habeas petition because under the California Penal Code section 1477, the custodian of the petitioner must be named. And then in his state habeas, he also, or his federal 1983 action, he did name Warden Dukart. He also added the additional officials. Those officials were named in the state habeas petition. Well, kind of. Their names appeared in some attachments, as I understand it. Correct. And he made references to them, but as this case, as this court has held in furnace, Defendant Garbino in that case was not named in the state habeas petition, yet this court found that there was privity. It's not required that the same parties be named. They can be in privity with each other and still meet the requirement to apply res judicata. And again, under California law, the key issue is whether there was a sufficient relationship there in interests. And here, all of the employees were named, were employed by the same agency, CDCR. They all worked at the same prison. They allegedly committed the same wrongs to Mr. Almeida and all reported to Warden Dukart. And so any determination made in that state habeas against Warden Dukart would necessarily affect their interests in another suit. How do we get to pass the requirement of a reasoned decision? As I look at Judge Follett's decision, there's really only one sentence there that deals with this question on the merits. Yes, Your Honor, and the term reasoned comes from this court's prior decision in Gonzales. And there, there's no requirement that a state must, a state court must issue an order to show cause or the order must be a certain length or discuss certain topics. The pertinent inquiry is, did the court decide the issue in a final decision on the merits and did they give reasoning for that decision? Even in the Gonzales case, in the oral argument, the panel referred to something more than a postcard denial. And so here, it's also important that the court look at the procedural history. So what tells us in that one sentence that this is more than a postcard denial? This doesn't look like much more than the postcard denials we get from the California Supreme Court denying habeas claims. Well, I think you also have to look at what the Supreme Court looked at before it reached that decision. Here, Mr. Allman... Because all of that was forward-looking, the DRB program, the explanation for that is all, that's all forward-looking. Correct. And I think in the U.S. Supreme Court case, Harrington v. Richter, there they were examining a prior state habeas and then a subsequent federal habeas. And the Supreme Court stated that when a federal claim has been presented to a state court and the state court adjudicated the claim on the merits in the absence of any indication of state law procedural principles to the contrary. And so here, it's clear from the court's order they did not deny this petition for procedural or jurisdictional reasons. They examined the lengthy briefing that Mr. Almeida submitted, which was over 50 pages. They, instead of just denying it Mr. Almeida had an opportunity to file a reply with additional briefing and exhibits. And so the court examined a lot of evidence when it came to its decision. The actual orders in the Gonzales and Furness cases were actually shorter than this. The Gonzales order, which is in the appellant's request for judicial notice, was only six lines and did not even mention Mr. Gonzales at all. It only discussed a chrono from another inmate's file and merely stated the petition was denied. And so this this order is considerably longer than that. And then in Furness, there the court, the order was approximately the same length, but in that case the state court did not ask for, did not issue an order to show cause, and did not ask for an informal response. The court merely reviewed the Yeah, but the Furness decision has got quite a bit of discussion in here. I mean, there's quite a bit of specificity in here. Referred to the referred to facts, there are cases cited. And I would argue that this the decision in this case, after everything that it considered, did address the issues that Mr. Almeida raised. And in the the Harrington case, again, the US Supreme Court said that are influenced by considerations other than avoiding scrutiny by collateral attack in federal court. And so just because the order may not state all the reasons it denied the petition. Right, but the sentence that you read us originally from Harrington also said that that had to be consistent with state, with state law. And as we understand California state law, California requires a reasoned decision in order to have preclusive effect. I was trying to figure out whether this is how we know that this is a reasoned Correct. And again, the reasoned language comes from Gonzalez and they were interpreting state law. But what's required in state law is that there be a final judgment on the merits. And so if if the whole purpose of res judicata is to prevent inconsistent judgments. So if the court can tell from the order that it was on the merits and there is reasoning for it, it's not the petition is denied period. Then that is enough to find claim preclusive effect. And in in this case, um, there was lengthy briefing that was considered by the court before it reached its decision. Counsel, should we consider certifying a question to the California Supreme Court to help us interpret what it meant in Gomez by a summary denial that doesn't have race judicata or claim preclusive effect? And what is what is summary and what isn't? Well, even summary denials can be on the merits. But and so I think that section in Gomez was in a footnote in that case. Um, and so it wasn't. I understand that, but I didn't really find any place and I may have overlooked something, but I couldn't find anywhere in the California Supreme Court's cases that explains how you can tell the difference between something that is summary and something that isn't. And something that's reasoned. What does that mean? Well, the reasoned language is comes from the federal case. Right from Gonzalez. Yeah. And but and I think if if because in, um, the elements of California claim preclusion law, it just must be a final judgment on the merits. If you if this court cannot tell from the order whether the judgment was on the merits from the procedural history in the order, then it may not have claim preclusive effect. But that's not the here. It's it's clear that the court considered the merits and and did issue a reason for, um, denying the petition. And so we would argue that claim preclusion applies. I see. I mean, it's hard. It's hard to see that in that one sentence, other than the fact that that the Superior Court refers to due process rights. Again, I would, um, the entire procedural history of the case is um, the order in Gonzalez was only six lines and and doesn't state anything about Mr. Well, I've got it. I think I have a couple of different documents in in Gonzalez and in the materials that were provided. And it looks to me like in Gonzalez, they put the court provided quite a bit more reasoning than that. Correct. That's why I would urge the court to look at the entire procedural history in the record that the state court considered when it came to its, uh, its order and not just the order itself and the lines, uh, in that decision. Thank you, Counsel. Thank you. Uh, although you used all your time, we'll give you one minute for about all. Your Honours, I would first just like to try to address your question in Gomez in trying to interpret what makes a summary denial and looking at Gomez versus Superior Court, which is what this court deduced the law for. It has to be reason to have reclusive effect. It states that a court may summarily deny a petition for writ of habeas corpus for the same reasons that justify summary denial for a petition for writ of mandate because it fails to state a prima facie case or because it is procedurally defective. The court then went on to expressly state that, consequently, a summary denial by commissioner would not have consequences for prisoners ability to seek a remedy in a federal civil rights action in cases like the present one. In the context in which you read that, doesn't that suggest that a that that if we can tell that a that a court wasn't dismissing something for procedural reasons that it must have decided it on the merits? Yes, Your Honor. And like if that's correct, then this would be a reasoned decision because because because we clearly not dismiss this for procedural reasons. The California Supreme Court, also in Henry Clark, expressly stated, though, that the denial of a habeas petition, often referred to as a summary denial, does not mean that the court has not considered the merits of the claim. Therefore, there can be a summary denial that is on the merits. But under California Supreme Court law, you can have a summary denial for it looks as though two reasons. One, that there is no prima facie case for relief, and therefore they don't issue an order to show cause in the procedure that follows, or because it's procedurally defective. And so in this case, we're arguing that the first happened. The petitioner, which appellees expressly state, did not state a prima facie case for relief, and therefore the court denied it. And it was a summary denial because there was no order to show cause or other proceeding, in addition to the fact that the reasoning itself in the order was sufficiently lacking. Gonzales, though, while the order was short, there was an order to show cause. There was a lot more of the legal analysis to arrive at that shorter denial of the order itself. Thank you, counsel. The case just argued is submitted, and once again, we thank the law school for taking on this matter pro bono, and we appreciate the arguments from all of you. It's been very helpful.
judges: Graber, Bybee, Arterton